In re THENA, INC.

**DIVERSIFIED FIBER PRODUCTS, INC., Oregon Racing Products, Inc., T & D Properties, Inc., Resort Ventures, Inc., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 95–6226–HO.**

United States District Court, D. Oregon.

Oct. 6, 1995.

Wilson C. Muhlheim, Charles M. Zennache, Muhlheim Palmer Zennache & Wade, Eugene, OR, for Thena Inc., Diversified Fiber Products, Inc., Oregon Racing Products, Inc., T&D Properties, Inc., and Resort Ventures, Inc.

## ORDER

HOGAN, Chief Judge.

Plaintiffs, who are debtors in possession in a pending bankruptcy case, filed a complaint in the bankruptcy court seeking the government to turnover property seized pursuant to this court's February 6, 1995 warrant. Defendant filed a motion to dismiss the complaint for failure to state a claim, and the parties moved jointly for withdrawal of the reference to bankruptcy court. After granting the joint motion for withdrawal of reference, this court has jurisdiction to address defendant's motion to dismiss. *See* 28 U.S.C. § 157(d).

## FACTS

On February 9, 1995, this court issued warrants under 21 U.S.C. § 853(f) for the seizure of certain property[1] after finding probable cause that such property was involved in money laundering offenses under 18 U.S.C. §§ 1956(a)(1)(B)(i) or 1957. Special Agents of the Internal Revenue Service

---

1. According to plaintiffs' Complaint (1) and Corrected Memorandum in Opposition to Defendant's Motion to Dismiss (12), the seized property consists of the following:

    1. One teal 1994 Sanger inboard gas motor boat;
    2. One three-story Leisurecraft houseboat;
    3. One red, two-door, 1991 Ferrari automobile;
    4. One red, 1993 Jeep Cherokee automobile;
    5. One white, 1994 Ford Explorer automobile;
    6. One black, 1992 Ford pickup truck;
    7. One black, 1991 four-door Cadillac automobile;
    8. One 1971 Cessna single-engine propeller high-wing airplane; and
    9. One 1974 Cessna twin-engine jet airplane.

executed the warrants and seized the subject property on or about February 7, 1995. As of the date of this order, the government has not filed criminal charges against the debtors.

On April 17, 1995, plaintiffs filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code. As debtors in possession endowed with the rights and powers of a bankruptcy trustee, 11 U.S.C. § 1107(a), plaintiffs filed a complaint under 11 U.S.C. § 542(a) seeking turnover of the seized property to the estate. Defendants filed a motion to dismiss the complaint on the basis that, at the time of the Chapter 11 filing, plaintiffs did not have a vested interest in the property such that the property should be included in the bankruptcy estate. Motion to Dismiss (# 4).

## DISCUSSION

■ The legal issue before the court is whether property seized by the United States pursuant to 21 U.S.C. § 853(f) is subject to inclusion in a Chapter 11 bankruptcy estate when the bankruptcy petition is filed after the seizure but before criminal charges are filed. This legal issue has a significant practical aspect: which federal body of law, forfeiture or bankruptcy, is to govern the distribution of assets seized from an unindicted, bankrupt individual suspected and alleged to have been involved in criminal activity? Resolution of these issues requires a reconciliation of the criminal forfeiture statute, 21 U.S.C. § 853, with the bankruptcy code, 11 U.S.C. §§ 542, 541, and 363.

■ Chapter 11 of the Bankruptcy Code allows a trustee or debtor in possession to gather certain property for inclusion in the bankruptcy estate. Section 542(a) of Title 11 provides:

> ... an entity ... in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title ... shall deliver to the trustee, and account for, such property or the value of such property. ...

Section 363 regulates the trustee's authority to use, sell, or lease property of the estate, providing that a trustee may sell property

... free and clear of any interest in such property of an entity other than the estate, only if—

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Section 541(a) defines "property of the estate" to include

> (1) [A]ll legal or equitable interests of the debtor in property as of the commencement of the case.

Finally, section 541(d) states:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate under subsection (a)(1) ... only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

These provisions suggest that debtors in possession may garner for inclusion in the estate only those property rights which the debtor held at the time the bankruptcy petition was filed. *See In re Farmers Markets, Inc.*, 792 F.2d 1400, 1402 (9th Cir.1986). Chapter 11 is a tool for protecting, not enhancing the debtor's estate.

■ The criminal forfeiture statute, 21 U.S.C. § 853, describes when and how the federal government may obtain possession of forfeitable property at successive prosecutorial stages. At the pre-indictment stage, a district court may issue a protective order to preserve the availability of property if, after giving notice to interested parties, the court determines that there is a substantial probability that the United States will prevail on the forfeiture issue and that issuance of the protective order outweighs any resulting hardship to interested parties. 21 U.S.C.

§ 853(e). Moreover, if the court determines that there is probable cause to believe that the property would be forfeitable in the event of conviction and that a protective order will not be sufficient to assure the availability of the property for forfeiture upon conviction, then the court has the discretion to issue a pre-indictment seizure warrant. 21 U.S.C. § 853(f). The procedures governing the procurement of a seizure warrant are the same as those governing the procurement of a search warrant. *Id.*

 If the defendant is convicted and that defendant owned the subject property at the time of the predicate crime, forfeiture is mandatory. 21 U.S.C. § 853(a)(1). Further, upon the defendant's conviction, all right, title, and interest in the seized property becomes vested in the United States as of the date the predicate criminal acts were committed. 21 U.S.C. § 853(c). Upon the defendant's conviction, in other words, the United States' rights in the forfeited property are deemed to relate back to the time the predicate criminal acts were committed. Until conviction, therefore, the United States' rights in the subject property are not vested even though the forfeiture statute may give the United States pre-conviction or even pre-indictment possessory rights over the property.

 If, at the time of conviction, the property is held by a third party, then forfeiture is *not* automatic. Rather, the court must hold a hearing to determine if the third party's rights in the property are superior to those of the United States. *See* 21 U.S.C. § 853(n). Section 853(n) provides for only two situations, though, in which a third party's rights are deemed superior to those of the United States: (1) where the third party's possessory rights were superior to the defendant's at the time of the defendant's commission of the predicate crime; and (2) where the third party purchased the property for value and without notice that the property was subject to forfeiture. 21 U.S.C. § 853(n)(6). Until conviction or acquittal, therefore, a suspect, defendant or third party may have a legal interest in seized property, but this legal interest is defeasible in the event of conviction; further, such a party has no possessory rights in the seized property insofar as the government's seizure and continued possession of the property is valid.

 In a word, property seized prior to conviction is in a state of limbo. The United States has a possessory interest in the property but its legal interest does not become indefeasible until a conviction is obtained. Conversely, an interested suspect, defendant or third party, legally divested of possessory rights by the process of the seizure warrant, may have a legal interest in the property, but this interest is defeasible in the event of a conviction. Under these circumstances, whether such property should be considered "property of the estate" at the time of the bankruptcy filing is not a simple issue.

Defendant argues that "the Government's seizure of the conveyances more than two months earlier [than the Chapter 11 filing] effected an immediate and significant alteration of any property rights Plaintiffs claimed in them." Defendant's Motion to Dismiss (# 4), p. 11. Defendant contends, therefore, that plaintiffs have the same rights the debtor had upon filing the Chapter 11 petition: the right to challenge the seizure during criminal proceedings or a third party hearing under 21 U.S.C. § 853(n). Defendants argue that the debtor did not have possessory rights over the property at the time of the Chapter 11 filing and that, therefore, the property is not includable in the estate as "property of the estate."

 The problem with defendant's argument is that Chapter 11 expressly contemplates inclusion of property not in the debtor's possession at the time of filing. Section 542 of Title 11 states that "an entity ... in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title ... shall deliver to the trustee, and account for, such property...." Thus, Chapter 11 provides for the inclusion of property of which the debtor was equitably dispossessed at the time of filing so long as the debtor had a legal interest in the property such that the property would be subject to "use, sale, or lease" by the trustee under section 363.

Section 363, however, suggests that the property seized in this instance is not necessarily subject to "use, sale, or lease" by the trustee. Section 363(e) provides:

Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection for such interest.

And, as noted above, section 541 provides:

Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate ... only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

Although the above provision was drafted primarily to apply to secondary mortgage notes, the legislative statements make clear that the statute reiterates a " 'general principle': where the debtor holds bare legal title without any equitable interest, ... the estate acquires bare legal title without any equitable interest in the property." Thus, for example,

[a]s to property held by the debtor as trustee, property of the estate will include whatever interest the debtor held in the property at the commencement of the case. Thus, where the debtor held only legal title to the property and the beneficial interest in that property belongs to another, such as exists in the case of property held in trust, the property of the estate includes the legal title, but not the beneficial interest in the property.

Legislative Statements to 11 U.S.C. § 541.

In short, Chapter 11 does not permit the estate's inclusion of property which did not exist, at the time of filing, for the debtor's beneficial, equitable use. Again, Congress promulgated Chapter 11 to protect, rather than enhance, the debtor's estate.

At the time of filing for bankruptcy protection, the debtor in this case did not possess the equitable right to direct the seized property for the debtor's benefit. Although the debtor had some legal interest in the seized property, any such interest was defeasible upon conviction. Further, the debtor's possessory rights were lost pursuant to the seizure warrant and procedures incident thereto. In essence, the debtor held legal title to the seized property in constructive trust, whereby its ability to direct the property's distribution was substantially restricted by the issuance of the seizure warrant and the government's valid possession of the seized property. The authority to "use, sell, or lease" the seized property, therefore, is not includable as property of the estate under 11 U.S.C. §§ 363 or 541, and plaintiffs' complaint for the turnover of the seized property is not supported by 11 U.S.C. § 542.

Other rights existing at the time of the Chapter 11 filing are includable as property of the estate, however. At the time the Chapter 11 petition was filed, the debtor had the right to use judicial process to challenge the seizure warrant in a collateral hearing under Fed.R.Crim.P. 41(e),[2] *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), or any other applicable legal process. The right to challenge the seizure, therefore, passed as "property of the estate" as of the date the Chapter 11 petition was filed. To the same end, if and when a conviction is obtained and forfeiture is consummated, plaintiffs will have the right to file petitions for mitigation or remission with the Attorney General in order to secure the in-

---

**2.** Fed.R.Crim.P. 41(e) provides:

A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion.

If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

terests of creditors in the forfeited property. *See* 21 U.S.C. § 853(i)(1). Additionally, even if plaintiffs chose not to exercise such rights, the Attorney General has independent discretion to direct the disposition of seized assets to "restore forfeited property to victims" and otherwise "protect the rights of innocent persons." *Id.*

After an examination of the bankruptcy and criminal forfeiture codes, it is apparent that Congress did not intend to allow debtors in possession to include in the estate property over which the debtor did not have equitable control at the time of filing the Chapter 11 petition. Although Chapter 11 does not expressly contemplate whether property seized pre-indictment under a criminal forfeiture statute should be included in the bankruptcy estate, it is evident that the debtors in this instance did not have equitable control over such property at the time the Chapter 11 petition was filed and that Congress did not intend such property to be included in a Chapter 11 estate. Accordingly, plaintiff's complaint for the turnover of the seized property to the estate fails to state a claim upon which relief can be granted. Defendant's motion to dismiss (# 4) is granted.